UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JONAS LOUIS,

    Plaintiff,
vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Jonas Louis ("LOUIS"), by and through the undersigned counsel, hereby sues Life Insurance of Company of North America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. LOUIS was at all times relevant a plan participant under the Instrumentation

Laboratory Company Group, Inc. Group Policy VDT-0962007 ("LTD" Plan).

3. Defendant, LINA, is a Corp with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under Instrumentation Laboratory Company Group Group LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plans regulated by ERISA, established by Instrumentation Laboratory Company Group., under which LOUIS was a participant, and pursuant to which LOUIS is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, LOUIS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as LOUIS remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, and the final denial of benefits occurred in this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. LOUIS incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, LOUIS was an employee or former employee of Instrumentation Laboratory Company Group and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of LOUIS's employment, LOUIS became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while LOUIS was covered under the LTD Plan LOUIS suffered a disability, as a result of Sickness rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy the nature of LOUIS's sickness is set for in detail in the Administrative Record.

9. The LTD Plan defines disability to mean: The Employee is considered Disabled is, solely because of Injury or Sickness, he or she is either (1) unable to perform the material duties of his or her Regular Occupation; or (2) unable to 80% or more of his or her Indexed Earnings form working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either (1) unable to perform the material and of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or (2) unable to earn 60% or more of his or her Indexed Earnings.

10. LOUIS's claim is under the "any occupation" standard of disability.

11. Prior to disability LOUIS worked as a Line Operator for Instrumentation Laboratory Company Group.

12. Pursuant to the terms of the LTD Plan, LOUIS made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of Mach 15, 2018.

13. Following the applicable Elimination Period, LTD Benefits became payable as of September 11, 2018.

14. LINA approved LOUIS's claim as it had determined he was unable to perform the material and substantial duties of his regular occupation.

15. On April 14, 2020, LINA advised LOUIS it was beginning the review of

his claim for continued benefits beyond the initial 24 months regular occupation period of disability, which was set to end on September 11, 2018.

16. On May 19, 2020, LINA had LOUIS's file reviewed by a peer review doctor specializing in occupational medicine.

17. The peer review physician determined that LOUIS would have the ability to perform at a light duty demand level.

18. LOUIS provided additional medical information in response to the May 19, 2020, peer review.

19. Despite the medical information in support of disability, LINA advised LOUIS on November 12, 2020, that his claim for continued benefits was being terminated effective November 10, 2020.

20. On May 4, 2021, LOUIS submitted his appeal of LINA's denial of his claim for long term disability benefits.

21. As part of his appeal, LOUIS submitted a January 25, 2021, Functional Capacity Examination (FCE) which indicated that his physical ability for work was below the Sedentary demand level.

22. During the course of the appeal review LINA had LOUIS's records reviewed by an additional peer review doctor.

23. The peer review doctor argued that the FCE was supportive of the ability to work at a Sedentary level, despite the fact the FCE clearly indicated he was not.

24. On September 28, 2021, LINA advised LOUIS it was upholding the denial of his claim for LTD benefits.

25. LOUIS has exhausted his administrative remedy.

26.  LINA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to LOUIS at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as LOUIS was disabled and unable to work and therefore entitled to benefits.

   b. After LOUIS's claim was denied in whole or in part, LINA failed to adequately describe to LOUIS any additional material or information necessary for LOUIS to perfect her claim along with an explanation of why such material is or was necessary.

   c. LINA failed to properly and adequately investigate the merits of LOUIS's disability claim and failed to provide a full and fair review of LOUIS's claim.

27.  LOUIS believes and alleges that LINA wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which LOUIS is presently unaware, but which may be discovered in this future litigation and which LOUIS will immediately make LINA aware of once said acts or omissions are discovered by LOUIS.

28.  As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, LOUIS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

29.  As a further direct and proximate result of this improper determination regarding LOUIS's claims for benefits, LOUIS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LOUIS is entitled to

have such fees and costs paid by LINA.

30. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, LOUIS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Jonas Louis prays for relief against Life Insurance Company of North America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 8, 2021

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

   /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com